# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0578

_____

TED'QWON MCGOWAN,

>Appellant,

v.

STATE OF FLORIDA,

>Appellees.

_____

On appeal from the Circuit Court for Bradford County.
James M. Colaw, Judge.

September 11, 2024

PER CURIAM.

Appellant was convicted of first degree murder and grand theft of an automobile and sentenced to life imprisonment. Here he raises a claim of error in giving an *Allen*[*] charge over his defense counsel's objection, and three claims of error concerning the evidence admitted or not admitted at trial. Finding no error under the applicable standards of review, we affirm. *See Blanding v. State*, 298 So. 3d 712, 714 (Fla. 1st DCA 2020) (applying an abuse of discretion standard to a trial court's decision to give an *Allen* charge); *Mitchum v. State*, 345 So. 3d 398, 400 (Fla. 1st DCA 2022) (applying an abuse of discretion standard of review generally

_____

[*] *Allen v. United States*, 164 U.S. 492 (1896).

to the decision whether to admit evidence but applying a de novo standard when a "ruling depends on interpreting the evidence code and applicable cases").

The *Allen* charge was given after the jury had deliberated for approximately seven hours and informed the court that they were deadlocked. Although it was late at night when the *Allen* charge was given, there were no "coercive deadlines" or "threats of marathon deliberations." *Blanding*, 298 So. 3d at 714 (citing *Gahley v. State*, 567 So. 2d 456, 459 (Fla. 1st DCA 1990)). Furthermore, there was no request from the jury to recess for the evening.

Turning to the evidentiary issues, first it was not error to admit a text message, sent before the shooting, from the victim to a third party noting that Appellant had a firearm. The text message was offered into evidence not for the truth of the matter asserted but to show the victim's state of mind to explain the victim's actions before the shooting. *See* § 90.803(3)(a)2., Fla. Stat. (2022). And even if erroneous, the admission of the text message was harmless since Appellant testified, consistent with the text message, that he was armed with a firearm before the shooting. *See State v. DiGuilio*, 491 So. 2d 1129, 1138–39 (Fla. 1986) (holding the admission of hearsay can be harmless if there is no reasonable probability that the hearsay contributed to the defendant's convictions).

Second, the trial court was correct to refuse to admit irrelevant evidence that before trial Appellant was transferred from the Bradford County jail to Baker County jail for his own safety. Section 90.401, Florida Statutes, defines relevant evidence as "evidence tending to prove or disprove a material fact." Section 90.402, Florida Statutes, states that "[a]ll relevant evidence is admissible, except as provided by law." Appellant testified that he stole a car and fled from the scene for the shooting because he was scared. The fact that he was subsequently transferred to a different jail after the shooting had no bearing on this defense.

Third, Appellant claims error in the trial court's admission of body camera footage from law enforcement officers who responded to the scene immediately after the shooting. This is again a relevancy determination. *See Douglas v. State*, 878 So. 2d 1246,

1255 (Fla. 2004). "Crime scene photographs are relevant when they tend to show 'the manner in which the murder was committed, show the position and location of the victim when he or she is found by police, or assist crime scene technicians in explaining the condition of the crime scene when police arrived.'" *O'Neal v. State*, 372 So. 3d 733, 745 (Fla. 2d DCA 2023) (quoting *Douglas*, 878 So. 2d at 1255). The trial court did not abuse its discretion in determining that the evidence of the condition of the crime scene shortly after the shooting was more probative than prejudicial, despite the fact that the body camera also showed the victim's family's grief in the immediate aftermath of the murder. *See* § 90.403, Fla. Stat.

We find no error, therefore the conviction and sentence are AFFIRMED.

ROWE, BILBREY, and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Senior Assistant Attorney General, Tallahassee, for Appellee.